

# Akin Gump
STRAUSS HAUER & FELD LLP

**ROBERT H. PEES**
+1 212.872.1072/fax: +1 212.872.1002
rpees@akingump.com

July 29, 2015

VIA ECF

The Honorable Richard Berman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *National Football League Management Council v. National Football League Players Association*, 1:15-cv-05916-RMB

Dear Judge Berman:

Pursuant to Your Honor's Rule 2A, the NFL Management Council ("NFL") submits this letter to request a conference regarding its anticipated motion for an order enjoining the National Football League Players Association ("the Union") from prosecuting a duplicative, later-filed action. Because the Union seeks emergency relief in the second-filed action, the NFL respectfully requests that the instant motion be briefed and considered on an expedited basis.

## BACKGROUND

On July 28, 2015, the NFL commenced this action to confirm an arbitration decision by the NFL Commissioner, issued pursuant to the parties' collective bargaining agreement, upholding the suspension of New England Patriots quarterback Tom Brady. One day later, the NFLPA commenced its own lawsuit in the District of Minnesota seeking to vacate the same decision and requesting a preliminary injunction.

The Honorable Richard Berman
July 29, 2015

## SUMMARY OF BASIS FOR ANTICIPATED MOTION

It is "well settled" that, under the "first-to-file" rule, "[w]here there are two competing lawsuits, the first suit should have priority[.]" *First City Nat. Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (citation omitted). This rule empowers the court in the first-filed action "to enjoin the prosecution of [a] second" action that is "brought in another federal court" and that "embrac[es] the same issue." *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974); *see also Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) ("the normal chronology" is "for the court of first impression . . . to . . . enjoin[] the second court").

The first-filed rule squarely applies here. This lawsuit is clearly the first-filed action. It makes no difference that the Union filed its action "only" one day later; "the brevity of the interlude" does not diminish "the danger of inconsistent results and the duplication of judicial effort." *Horn & Hardart Co. v. Burger King Corp.*, 476 F. Supp. 1058, 1060 (S.D.N.Y. 1979) (enjoining prosecution of action filed "a mere 2 ½ hour[s]" later); *see also Zapways.Com, Inc. v. Xerox Corp.*, No. 01CV10123(GBD), 2002 WL 193155, at *2 (S.D.N.Y. Feb. 6, 2002). The two lawsuits also clearly "embrac[e] the same issue," in that this action seeks to confirm the arbitration award, while the Minnesota action seeks to overturn it.

Because the first-filed rule plainly applies, the NFLPA "bears the burden of demonstrating any special circumstances justifying an exception to the rule." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994). The Second Circuit "ha[s] recognized only two exceptions to the first-filed rule: (1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Employers Ins. of Wausau v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (citations omitted). Neither exception applies here.

The Honorable Richard Berman
July 29, 2015

First, the "balance of convenience" clearly favors New York, given that this dispute has no discernable connection to Minnesota. Moreover, Second Circuit courts "have generally found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place"—in this case, New York. *Crow Const. Co. v. Jeffrey M. Brown Associates, Inc.*, No. 01 CIV. 3839 (AGS), 2001 WL 1006721, at *2 (S.D.N.Y. Aug. 31, 2001) (collecting cases). New York also is where the NFL is headquartered and where the Commissioner issued the discipline being challenged.

Second, no "special circumstances" justify giving priority to the Minnesota action. These circumstances generally require proof of "some manipulative or deceptive behavior" and "are quite rare." *Employers Ins.*, 522 F.3d at 275-76. In fact, the Second Circuit has recognized only two such instances: when the first-filing plaintiff (1) filed an "improper anticipatory declaratory judgment action" after its adversary made a "direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action"; or (2) chose a forum whose "ties" to the matter are "so tenuous or de minimis." *Id.* at 276. Neither situation exists here. Among other reasons, the Union never gave any "specific warnings" that it would sue—let alone in a certain court or by a certain date—and the NFL chose a court whose ties to the dispute are substantial.

The NFL filed this lawsuit in the most appropriate forum and without engaging in any "manipulative or deceptive behavior." Therefore, no "special circumstances" justify departing from the first-filed rule, which dictates that the second-filed action be enjoined.

Respectfully submitted,

Robert H. Pees

cc: Jeffrey Kessler (counsel for NFLPA)
Tom DePaso (General Counsel, NFLPA)