

# NATIONAL FOOTBALL LEAGUE

**ROGER GOODELL**
*Commissioner*

June 22, 2015

### ARTICLE 46 APPEAL OF TOM BRADY

### Re: Decision on Hearing Witnesses and Discovery

By letter dated June 19, 2015, the NFLPA moved for an order compelling the Management Council to produce certain witnesses and documents in connection with the hearing in this matter. Also by letter dated June 19, 2015, the Management Council submitted its position on most of the issues raised in the NFLPA's letter. After carefully reviewing all of the submissions, I set forth below my decisions with respect to the contested hearing witnesses and the requested discovery.

### I. Hearing witnesses

Because Article 46 of our Collective Bargaining Agreement does not address the permitted scope of witness testimony at appeals hearings, it is within the reasonable discretion of the hearing officer to determine the scope of the presentations and, where appropriate, to compel the testimony of any witnesses whose testimony is necessary for the hearing to be fair.

After the parties met and conferred about proposed witnesses, there remain disputes about four witnesses whose testimony the NFLPA has moved to compel. I resolve those disputes as set forth below.

<u>Roger Goodell</u>. As stated in my decision on the NFLPA's Motion to Recuse, I do not have any first-hand knowledge of the events at issue here. Nor did I play a role in the investigation that led to Mr. Brady's discipline or in any "preliminary findings" against the Patriots concerning an apparent violation of League rules.

The principal basis that the NFLPA advances for requiring my testimony -- an asserted delegation of my disciplinary authority to Mr. Vincent -- is based on a mistaken premise: As made clear in my June 2, 2015 ruling on the NFLPA's Motion to Recuse, I did not delegate my disciplinary authority to Mr. Vincent. Instead, I concurred in his recommendation and authorized him to communicate to Mr. Brady the discipline imposed under my authority as Commissioner. This procedure has been employed in numerous disciplinary proceedings over the past two decades and has never before been asserted as a basis for compelling the Commissioner or anyone else to testify in an Article 46 disciplinary proceeding.

For these and other reasons stated in my June 2, 2015 Decision, my testimony is not necessary or appropriate for a full and fair hearing. Accordingly, the NFLPA's motion to compel my testimony is denied.

Jeff Pash. Jeff Pash, the NFL's general counsel, does not have any first-hand knowledge of the events at issue here. Nor did he play a substantive role in the investigation that led to Mr. Brady's discipline; his role was limited to facilitating access by Mr. Wells to witnesses and documents.

Before the investigation got underway, there was consideration of Mr. Pash's playing a co-lead role with Mr. Wells in the investigation; that consideration was reflected in a public statement issued by the League. But as the Wells Report itself makes clear, Mr. Pash did not play any such role; the Wells Report was "prepared entirely by the Paul Weiss investigative team and presents the independent opinions of Mr. Wells and his colleagues."

Thus, even without regard to privilege issues, Mr. Pash's testimony is not necessary or appropriate for a full and fair hearing. The NFLPA's motion to compel Mr. Pash's testimony is therefore denied.

Troy Vincent. The NFLPA seeks an order compelling testimony from Mr. Vincent in two subject matter areas. One is Mr. Vincent's "involvement in the game-day events during the AFC Championship Game." The Management Council opposes an order compelling such testimony on several grounds, including its argument that Mr. Vincent's testimony on that subject would be cumulative of, and less direct than, the testimony from other game-day witnesses that it has agreed to make available. Because Mr. Vincent does have first-hand knowledge of some events that occurred at the AFC Championship game, I grant the NFLPA's motion to compel Mr. Vincent to testify on that subject.

To the extent that the NFLPA seeks an order compelling testimony from Mr. Vincent regarding a purported delegation of my Article 46 authority, its motion is denied. As stated above and in my June 2, 2015 Decision, I did not delegate my disciplinary authority to Mr. Vincent; I concurred in his recommendation and authorized him to communicate to Mr. Brady the discipline imposed under my authority as Commissioner.

Theodore Wells. As the Management Council observes in its letter, Mr. Wells is not a witness with first-hand knowledge of the events at issue. Nonetheless, he supervised the investigation and preparation of the Investigative Report that serves as the basis for Mr. Brady's discipline. His testimony regarding the substance and conclusions of his report is therefore appropriate in the context of a full and fair hearing. Accordingly, while privilege or relevance objections may be raised with respect to specific questions that he may be asked, the NFLPA's motion to compel his testimony on the substance and conclusions of his report is granted.

\*    \*    \*

**ROGER GOODELL**
*Commissioner*

Through the course of the hearing, should the parties present evidence showing that the testimony of a witness identified above (or, in Mr. Vincent's case, testimony in additional areas) is necessary for a full and fair hearing, I will revisit the NFLPA's motion to compel his testimony. In particular, I note that Mr. Wells may be asked whether Mr. Pash played a substantive role in the investigation; if the answer is in the affirmative, I will revisit that ruling with respect to Mr. Pash's testimony.

In the meantime, counsel for the NFLPA may allocate to other witnesses the 45 minutes that, in their separate letter of June 19, 2015, they had estimated would be required for questioning of Mr. Pash and of me.

\*            \*            \*

The NFLPA's motion to compel also seeks an order directing that all witnesses testify under oath. The Management Council apparently took the position in the meet-and-confer process that it would object to witnesses being called to testify under oath, including in particular Mr. Wells.

I would expect that statements or testimony from any potential witness identified in this proceeding would not vary based upon whether the witness had or had not sworn an oath to tell the truth. Nonetheless, if either counsel prefers that a witness testify under oath, the witness shall do so. The NFLPA's motion as to this issue is granted.

## II. Discovery

The NFLPA seeks an order compelling the production of interview notes and memoranda generated by Paul, Weiss attorneys in the course of their investigation. The Management Council opposes that motion, pointing out that it has provided the NFLPA with not only the Wells report but also the extensive collection of documents generated by the NFL and considered by Paul, Weiss in preparing the report.

On this issue, my starting point is Article 46 of our Collective Bargaining Agreement. As Judge Jones held in ruling on discovery in the Ray Rice proceeding:

> "The bargained-for procedures include "discovery" limited to the   production of all documents that will be relied upon at the hearing at least three days prior to said hearing. NFL-NFLPA CBA, Art. 46 § 2(f)(ii). 'Arbitrators are bound by the language of the contract, but   equally important is that they are restricted by what the language of the contract does not say.' *Carrollton Bd. of Educ.*, 09-2 Lab. Arb. Awards (CCH) P 4632, at 8 (2009) (Allen, Arb.). Here, the collective bargaining agreement provides for tightly circumscribed discovery and does not contemplate the production of any other documents in an Article 46 proceeding other than under those terms."

The provision to which Judge Jones referred, Article 46, Sec. 2 (f)(ii), provides:

**ROGER GOODELL**
*Commissioner*

Page 4

> "**Discovery.** In appeals under Section 1(a), the parties shall exchange copies of any exhibits upon which they intend to rely no later than three (3) calendar days prior to the hearing. Failure to timely provide any intended exhibit shall preclude its introduction at the hearing."

In interpreting the parties' intention under Article 46 of the CBA, it is important to me that the parties agreed to permit much more extensive discovery in other kinds of proceedings under the CBA. For example, Article 15, Section 3 provides that in any dispute over which the System Arbitrator has authority, "the System Arbitrator shall grant reasonable and expedited discovery upon the application of any party where, and to the extent, he determines it is reasonable to do so." This demonstrates that where the parties intended to allow traditional, court-like discovery, they knew how to do so, and it reinforces the significance of the fact that there is no such provision for Article 46 disciplinary proceedings before the Commissioner.

Furthermore, the parties' agreement to limit discovery is consistent with the Article 46 design, which anticipates a reasonably efficient, expedited appeal proceeding conducted before a Commissioner who may be (and is this case is) a business executive rather than a lawyer.

As Judge Jones held, "the collective bargaining agreement provides for tightly circumscribed discovery and does not contemplate the production of any other documents in an Article 46 proceeding other than under those terms." In short, on the basis of my interpretation of the Collective Bargaining Agreement, I deny the NFLPA's motion for discovery.

There are other independent grounds for my decision to deny the NFLPA's motion. *First*, I did not review any of Paul, Weiss' internal interview notes or any other documents generated by Paul, Weiss other than their final report. The Paul, Weiss interview notes played no role in the disciplinary decisions; the Wells Report was the basis for those decisions. The Management Council has produced to the NFLPA that report, which contains a detailed accounting of witness comments, and Mr. Wells will be available to testify about the substance and conclusions of the report.

In addition, I understand that the Management Council produced all of the NFL documents considered by the investigators in preparing their report, including notes of interviews conducted by in-house NFL investigators prior to the time that the Paul, Weiss investigation began.

Accordingly, there can be no reasonable dispute that the NFLPA and Mr. Brady know, in considerable detail, the facts concerning the allegations on which the discipline was based and that they can properly prepare a response and participate fully in the hearing. Thus, even if discovery of the internal Paul, Weiss work product were permitted by the CBA, it would not be necessary for a full and fair hearing.

**ROGER GOODELL**<br>*Commissioner*

Page 5

*Second*, the memoranda and interview notes generated by Paul, Weiss are not "ordinary course of business" documents. They are attorney work product of a kind that is ordinarily protected from discovery. That is especially true in circumstances, such as those presented here, where based on the NFLPA's recent court challenges to discipline imposed on players, litigation challenging any discipline imposed could reasonably be anticipated.

*Third*, with respect specifically to notes of the interview of Mr. Brady himself (and perhaps others), I understand that NFLPA counsel were present for the interview itself, undermining any basis for seeking the Paul, Weiss work product.

*Finally*, the NFLPA has not identified any material factual dispute that Paul, Weiss' internal work product would help to resolve.

For each of these independent reasons, the NFLPA's motion to compel discovery of Paul, Weiss internal memoranda and witness interview notes is denied.

*[signature]*

ROGER GOODELL

**ROGER GOODELL**
*Commissioner*