

**DANIEL L. NASH**
+1 202.887.4067/fax: +1 202.887.4288
dnash@akingump.com

August 24, 2015

The Honorable Richard Berman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *National Football League Management Council v. National Football League Players Association*, 1:15-cv-05916-RMB

Dear Judge Berman:

      Pursuant to Your Honor's Rules, the NFL requests permission to respond briefly by this letter to the authorities provided to the Court by the NFLPA at the August 19, 2015 hearing.

      The NFLPA submitted a list of nineteen decisions from the Second Circuit and the Southern District of New York in which the court vacated an arbitration award. These cases confirm that courts vacate arbitration awards only in extraordinary circumstances, none of which are present here. While no one disputes that judicial deference to arbitration awards is not absolute, *see Leed Architectural Products, Inc. v. United Steelworkers of Am., Local 6674*, 916 F.2d 63, 65 (2d Cir. 1990), the Union's statement that "arbitrations of this type have been set aside" grossly distorts legal precedent. Hr'g Tr. 6:23-7:1.

      In every case the NFLPA submitted to show that a so-called "violation of the essence of the CBA" justifies vacatur, unlike here, the arbitrator ignored an *express* term in the CBA or based the award on some concept completely outside of the CBA. *See Leed*, 916 F.2d at 66 (arbitrator violated *express* terms of the CBA by ordering a wage increase that directly contradicted wage scale and salary increase schedule incorporated into the CBA); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 98 (2d Cir. 1991) (arbitration panel rendered decision based on principles of "elementary due process" rather than on the express terms of the agreement); *Union Appointed Trustees of Tapers Indus. Ins. & Annuity Funds v. Employer-Appointed Trustees of Tapers Indus. Ins. & Annuity Funds*, 714 F. Supp. 104 (S.D.N.Y. 1989) *aff'd sub nom. Union Appointed v. Employer-Appointed*, 898 F.2d 137 (2d Cir. 1990) (arbitrator based his award "not on the evidence before him and not upon any reading of his own of the bargaining agreement, but simply" gave res judicata effect to prior court rulings); *In re Marine Pollution Serv., Inc.*, 857 F.2d 91 (2d Cir. 1988) (arbitrator "did not



The Honorable Richard Berman
August 24, 2015

purport to base his award on any express or implied term in the collective bargaining agreement," instead "importing his own notions of equity into the arbitration proceedings"); *New York City v. Ass'n of Wall-Ceiling & Carpentry Indus. of New York, Inc.*, No. 14 CIV. 6091, 2015 WL 1938148, at *5 (S.D.N.Y. Apr. 27, 2014) (arbitrator departed from "crystal clear and unambiguous" CBA term).[1]

      Similarly, unlike here, each case the Union provided to support its claim that the Commissioner exceeded his authority involved extreme circumstances, such as where the remedy contradicted the CBA or the arbitrator's own factual findings.  *See 187 Concourse Associates v. Fishman*, No. 02 CIV.9402 TPG, 2003 WL 22966311, at *3 (S.D.N.Y. Dec. 16, 2003) *aff'd*, 399 F.3d 524 (2d Cir. 2005) (arbitrator found that employer had just cause to terminate an employee but ordered reinstatement nonetheless); *Local 814, Int'l Bhd. Of Teamsters v. Sotheby's, Inc.*, 665 F. Supp. 1089, 1094-95 (S.D.N.Y. 1987) (arbitrator made an award that "explicitly contradicted [his] own findings of fact"); *Torrington Co. v. Metal Products Workers Union Local 1645*, 362 F.2d 677, 678 (2d Cir. 1966) (arbitrator based award on a provision that he added to the CBA); *Long Island R. Co. v. Long Island R.R. Police Benevolent Ass'n*, No. 94 CIV. 2924 (CSH), 1995 WL 144819, at *5 (S.D.N.Y. Mar. 31, 1995) (arbitrator exceeded his authority by "fashioning a remedy contrary to CBA, the RLA, and the formulation of the issues submitted to him").

      All of the cases cited by the NFLPA in support of its evident partiality argument involve *neutral* arbitrators who, for instance, failed to disclose conflicts of interest.  *Morelite Const. Corp. (Div. of Morelite Elec. Serv.) v. New York City Dist. Council Carpenters Ben. Funds*, 748 F.2d 79, 84 (2d Cir. 1984) (arbitrator failed to disclose a father-son relationship with an officer of the prevailing party); *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 134 (2d Cir. 2007) (neutral arbitrator failed to disclose potential conflict); *Sun Ref. & Mktg. Co. v. Statheros Shipping Corp. of Monrovia, Liberia*, 761 F. Supp. 293 (S.D.N.Y. 1991), *aff'd sub nom. Sun Ref. v. Statheros Shipping*, 948 F.2d 1277 (2d Cir. 1991) (neutral arbitrator failed to disclose his direct adversarial relationship with one party in a separate proceeding); *Pitta v. Hotel Ass'n of New York City, Inc.*, 806 F.2d 419, 423 (2d Cir. 1986) (neutral arbitrator disqualified from deciding dispute over the validity of his own dismissal).

---

[1] None of the cases cited by the Union – indeed no reported decision of which we are aware – use the phrase "violation of the essence of the CBA" that the Union repeatedly asserts in support of its main argument for vacatur.  There are cases, such as *Leeds*, where an arbitration award has been vacated because the arbitrator violated an express term of the agreement, which not even the Union alleges here.  But the "essence of the CBA," as that phrase has been used consistently by the Supreme Court and the courts in this Circuit, refers to the highly deferential standard of review applicable to labor arbitration awards, which requires confirmation where the award is even arguably based on the arbitrator's factual findings and interpretation of the CBA.

2



The Honorable Richard Berman
August 24, 2015

      Finally, the authorities the Union presented in which an arbitration award was vacated for lack of a "fundamentally fair hearing" provide no support for its contention that the Commissioner's discovery rulings warrant vacatur.  *See Kaplan v. Alfred Dunhill of London, Inc.*, No. 96 CIV. 0258 (JFK), 1996 WL 640901 (S.D.N.Y. Nov. 4, 1996) (party was unable to present *any* evidence because it did not receive notice of the arbitration hearing and the arbitrator refused to reopen the record); *Allendale Nursing Home, Inc. v. Local 1115 Joint Bd.*, 377 F. Supp. 1208, 1213 (S.D.N.Y. 1974) (arbitrator refused to adjourn hearing after crucial witness was sent to hospital); *Riko Enters., Inc. v. Seattle Supersonics Corp.*, 357 F. Supp. 521, 526 (S.D.N.Y. 1973) (arbitrator conducted no hearing and did not allow party to submit any evidence); *Tube & Steel Corp. v. Chicago Carbon Steel Prods.*, 319 F. Supp. 1302 (S.D.N.Y. 1970) (arbitrator refused to continue hearing when it knew in advance that party was unavailable).  The Union identified only one case where the arbitrator's failure to order document discovery contributed to the court's decision to vacate the award, but there, the losing party was "clearly prejudiced" by the preclusion of discovery of documents which were "central to the dispute."  *See Home Indem. Co. v. Affiliated Food Distributors, Inc.* No. 96 CIV. 9707 (RO), 1997 WL 773712, at *3 (S.D.N.Y. Dec. 12, 1997).  Likewise, in the only case cited by the Union where an award was vacated based on the arbitrator's refusal to allow a witness to testify, that witness was the "only person who could provide" "crucial testimony" that was "pertinent and material" to the key issue in the case.  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20-21 (2d Cir. 1997).

      In short, the NFLPA's own authorities further demonstrate that there is no basis for vacatur.

                                       Respectfully,

                                       Daniel L. Nash

cc:      Jeffrey Kessler