**WINSTON & STRAWN LLP**
North America  Europe  Asia

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

JEFFREY L. KESSLER
Partner
212-294-4698
jkessler@winston.com

August 25, 2015

**VIA ECF**

The Honorable Richard Berman
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *National Football League Management Council v. National Football League Players Association*, 1:15-cv-05916-RMB-JCF (S.D.N.Y.)

Dear Judge Berman:

We do not intend to make a point-by-point response to the NFL's belated letter submission. The NFLPA and Mr. Brady's prior briefing addresses each of the League's arguments and provides additional authorities that the NFL yet again ignores (*e.g.*, *Peterson*, Supreme Court authority that CBA arbitration decisions are part and parcel of the CBA itself, and evident partiality decisions dealing with sports league Commissioners serving as arbitrators). These authorities, however, are not all that the NFL's submission attempts to sweep under the rug.

For example, Mr. Nash's letter also ignores the undisputed fact that the CBA requires advance notice of discipline and its consequences (Goodell himself testified to this in *Rice*), as well as a fair and consistent basis for imposing discipline (same), making the NFLPA's essence-of-the-agreement authorities directly on point. The NFL further ignores the fact that the Award

WINSTON
&STRAWN
LLP

August 25, 2015
Page 2

violates the *express* fine amounts that were collectively bargained by the parties and set forth in the Player Policies for equipment violations of this type—just like in the cases dealing with violations of express CBA terms. In addition, the NFL's submission ignores how the denial of fundamental fairness in the arbitration at issue here so closely resembles the denials of fair process in the decisions we presented to the Court. Indeed, as the Court observed, the failure to provide testimony from Mr. Pash concerning his edits to the Wells Report, the summary denial of Mr. Brady's delegation argument without hearing *any* evidence, and the denial of the Paul, Weiss investigative files all caused substantial prejudice to the NFLPA's and Mr. Brady's undisputed right to a fundamentally fair hearing.

The Union may have agreed to Mr. Goodell serving as arbitrator under Article 46, but it did not agree he could abdicate his responsibility as an arbitrator under the LMRA and FAA and conduct fundamentally unfair proceedings in which he cast aside *undisputed* CBA requirements, adjudicated his own conduct, and issued an unprincipled arbitration award based on his unilateral notions of industrial policy. This is exactly the type of "extreme" case that even the NFL now concedes the Court has the power to vacate.

Respectfully submitted,

s/Jeffrey L. Kessler
Jeffrey L. Kessler

cc:   David L. Greenspan, Esq.
      Robert H. Pees, Esq.
      Daniel L. Nash, Esq.
      Stacey Eisenstein, Esq.