Steven E. Kramer, Esq.
922 Waltham Street, Suite 105
Lexington, MA 02421
774-254-0772, Fax 781-402-0955
sekramer8@aol.com



August 5, 2015



Civil Clerk
United States District Court - Southern District of N.Y.
500 Pearl Street
New York, New York 10007

RE: National Football League Management Council v. NFL Players Assoc. 1:15-CV-05916-RMB

Dear Sir/Madam:

    Enclosed please find an Amicus Brief and supporting documents for submission to Judge Berman in this matter. I have attempted to comply with the mandates of the District local rules with these submissions, however, if any additional filings are required, please notify me. All Counsel of record have been served with these documents.

    Thank you for your anticipated cooperation.

Very Truly Yours,

Steven E. Kramer

**MEMO ENDORSED**
(See last page 5 attached)
Clerk to Docket

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL
    Plaintiff

v.                                    CASE 1:15-CV-05916-RMB

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION
    Defendant

I, Steven E. Kramer, hereby depose and state that:

I have been a licensed attorney in the Commonwealth of Massachusetts since 1979, specializing in civil litigation in business and consumer law.

I have followed the proceedings regarding the current allegations against the New England Patriots and Tom Brady since their inception and provide the court herein a brief, yet comprehensive analysis of the status of the proceedings. Although I am a fan of the Patriots, both my submission and the suggestions provided herein reflect a concern with the flaws in the current process, as opposed to a favoritism towards Mr. Brady.

I submit this short brief along with the enclosed declaration and certify that pursuant to 28 USC sec. 1746, the above is true,

I have served a copy of all of my submissions on all counsel of record in this matter.

Signed this 9th day of August , 2015

_____
Steven E. Kramer

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL
    Plaintiff
v.                                    CASE 1:15-CV-05916-RMB

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION
    Defendant

      Please take notice that upon the annexed affidavit of Steven E. Kramer, and his proposed AMICUS BRIEF annexed thereto, Steven E. Kramer shall move before the Honorable Richard M. Berman, at the United States Courthouse, 500 Pearl Street, New York, New York, at a date and time to be determined by the Court, for leave to file the proposed brief.

_____                      August 9, 2015
Steven E. Kramer

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL
      Plaintiff
v.

CASE 1:15-CV-05916-RMB

NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION
      Defendant

AMICUS CURIAE BRIEF OF STEVEN E. KRAMER, ESQ

I. INTRODUCTION

Assume for a moment that the NFL was not scrutinizing the Super Bowl Champion New England Patriots, and the team under the microscope for tampering with footballs was the Tennessee Titans, who finished 2-14 in 2014. Also imagine that their rookie quarterback was involved when the Titans lost to Jacksonville in their last game of the season and the Jaguars' cornerback who intercepted a pass alerted the NFL of the deflated ball.

Upon notification of the incident, the NFL would have sent a warning letter to the Titans informing them that they will be monitored and punished for any future violations. A small fine would be assessed. The NFL would determine that the first Titans infraction did not warrant a full scale and expensive investigation since the game outcome was not affected.

1

## II. ARGUMENT

Although the above hypothetical scenario did not occur, the illustration strongly suggests that a less successful franchise than the Patriots would undoubtedly not be subjected to the same scrutiny and sanctions that have been imposed on the Patriots and Tom Brady. The NFL, rather than punish the alleged infraction, has focused on the level of success of the organization. Neither the 21-13 loss by the Titans nor the 45-7 win by the Patriots when the purported violation occurred, resulted in any causation between the use of a tainted ball and the result. Rather than issue a similar warning or lesser sanction to the Patriots, however, the NFL has expended millions of dollars in an investigation suitable for an incident of violent crime or drug abuse. The imposition of a substantial fine and loss of draft picks on the team was arbitrarily assessed on a vicarious liability theory for the transgression. Despite a lack of tangible evidence, Bob Kraft, the Patriots' owner, wisely or unwise sought to move forward and end the matter prior to the season rather than have it persist. He accepted both of the penal assessments. However, since this is the Patriots, they were still not enough.

The concepts of double jeopardy, issue preclusion and collateral estoppel apply in principle, though not in law, to this fact pattern. However, the gravamen of these theories has relevance to the overzealous efforts to suspend Tom Brady since he did not provide his cell phone. It is equated with spoliation .Brady's refusal to address the situation prior to and after the Super Bowl have made him the equivalent of a Watergate burglar. Brady's success, competitive

2

drive and class have made him one of the most respected athletes in sports history. Nevertheless, the Commissioner, on two separate occasions, labels Brady a dishonest person worthy of a substantial suspension.

Numerous legal theories can be said to apply to Brady's case. Estoppel, laches, spoliation, due process and others. However, the only practical theories that this Court should apply are equity and common sense. This Court should take judicial notice of the new ball inflation regulations as evidence of the prior system's flaws. These provisions should not be excluded as the traditional" evidence of subsequent repairs" but should be recognized to demonstrate the ineffectiveness of their predecessor rules which had no penal language and were practically void for vagueness.

Tom Brady has always deserved the recognition as a role model in the New England area and beyond. The arguments raised herein on his behalf, however, would equally apply to Peyton or Eli Manning or Aaron Rogers. They all should be treated the same and not subjected to heavy handed prosecution suitable for those who commit crimes – not alleged infractions of poorly drafted NFL Rules.

In sum, although only a hypothetical example, the Commissioner should be more reflective and "Remember the Titans" in assessing blame and sanctions. It's time to treat all teams the same regardless of their recent success or failure.

Respectfully Submitted,

/s/ Steven E. Kramer

Steven E. Kramer, Esq.

922 Waltham Street #105

Lexington MA 02421

774-254-0772  BBO#279080

sekramer8@aol.com

4

Thank you for your submission – I apologize for the delay in responding.

We have placed your submission on the court dockets for the <u>NFL v. NFLPA (Tom Brady)</u> matter (15 Civ. 5916 and 15 Civ. 5982).

*RMB*

Richard M. Berman, USDJ

9/9/15

-5-