UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

                        Plaintiff,

- v. -

NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION,

                        Defendant
-----------------------------------------------------------x

NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION, on its own behalf and on behalf of
TOM BRADY,

                        Petitioner,

- v. -

NATIONAL FOOTBALL LEAGUE and NATIONAL
FOOTBALL LEAGUE MANAGEMENT COUNCIL,

                        Respondents.
-----------------------------------------------------------x

15-CV-5916 (RMB)(JCF)

Motion to Intervene

15-CV-5982 (RMB)(JCF)

Motion to Intervene

*Application to Intervene respectfully denied.*

*SO ORDERED:*
*Date: 9/9/15*   *Richard A. Berman*
Richard M. Berman, U.S.D.J.

Per **Fed.R.Civ.Pr.24(b)(1)(B)** I, Michelle McGuirk, *Pro Se*, respectfully give Notice of Motion to Intervene as "M, Friend of the Court" on information believed to be material, timely and relevant to common questions of law and fact in this matter. Parties were served an August 25, 2015 letter to Hon. Richard Berman, U.S. District Judge and Magistrate Judge James C. Frances requesting a pre-motion conference per **Individual Rule 2.A** on <u>August 31, 2015</u>. Relevant points for relief:

    1.    Notice is made timely by midnight <u>September 6, 2015</u> *near* 'end of the week' by which Judge Berman stated he planned to make his Decision and Order.

    2.    There are no prior motions. No federal law states right to intervene. Permission is sought as I survive a fifth diagnosis of disease per the Americans with Disabilities Act as a reasonable accommodation of rules or policies for Court access.

1

3.  Plaintiff and Defendants' counsel were served per **Fed.R.Civ.Pr. 5(A)(d)** and did not to reply per Individual Rules of Practice within three (3) days to oppose. Counsel appeared before Judge Berman at a pre-motion conference August 31, 2015 and, to my knowledge, did not verbally oppose such motion to intervene.

4.  Plaintiff's President Roger Goodell, Defendants' Executive Director DeMaurice Smith and counsel for Tom Brady were copied by mail and did not oppose the motion by replay or, to my knowledge, at an August 31, 2015 conference.

5.  Per Docket #45, time is of the essence. The requested intervention is not expected to affect any pre-set scheduled court dates or rights to appeal. Rights granted is expected to impact the record upon which any appeal will be taken.

6.  An Affidavit, Exhibits and Memorandum of Law support the motion.

7.  Request is made in good faith and not for undue delay of proceedings.

WHEREFORE, I respectfully request this Court permit right to intervene as a reasonable ADA request to ensure a robust record with accurate, timely and relevant disclosure of material information for proper resolution of this matter.

Dated: New York, New York

September 4, 2015

*Michelle L. McGuirk*, *Self-Represented*
"M, Friend of the Court", *Pro Se*
P.O. Box 369 New York, NY 10113-369

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
NATIONAL FOOTBALL LEAGUE　　　　　　　　　15-CV-5916 (RMB)(JCF)
MANAGEMENT COUNCIL,

　　　　　　　　　　　Plaintiff,　　　　　　　　　　　AFFIDAVIT
- v. -　　　　　　　　　　　　　　　　　　　　　　　　IN SUPPORT

NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION,
　　　　　　　　　　　Defendant
------------------------------------------------------------x
NATIONAL FOOTBALL LEAGUE PLAYERS　　　　15-CV-5982 (RMB)(JCF)
ASSOCIATION, on its own behalf and on behalf of
TOM BRADY,　　　　　　　　　　　　　　　　　　　　AFFIDAVIT
　　　　　　　　　　　Petitioner,　　　　　　　　　　IN SUPPORT

- v. —

NATIONAL FOOTBALL LEAGUE and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,
　　　　　　　　　　　Respondents
------------------------------------------------------------x

**STATE OF NEW YORK, COUNTY OF NEW YORK ss:**

I, Michelle McGuirk, of full age, state under penalty of perjury as intervening party:

　　1.　　I submitted an August 25, 2015 letter on August 26, 2015 to Hon. Richard Berman, U.S. District Judge and Magistrate Judge James C. Frances requesting a pre-motion conference on <u>August 31, 2015</u> per Individual Practice Rule 2.A to intervene as a Friend of the Court per **Fed.R.Civ.Pr. (24)(b)(1)(B)**.

　　2.　　Plaintiff National Football League Management Council ("NFLMC") counsel accepted letter in ¶1 on August 26, 2015 (Exh. 1) and do not oppose action.

　　3.　　NFLMC President Roger Goodell as Interested Party or designee accepted letter in ¶1 on August 26, 2015 (Exh. 2) and do not oppose action.

1

4. Defendant National Football League Players Association ("NFLPA") counsel and Executive Director accepted letter in ¶1 on August 26, 2015 (Exh. 3) and August 27, 2015 (Exh. 4), respectively, and do not oppose action.

5. Counsel for Tom Brady as Interested Party accepted letter in ¶1 on August 27, 2015 (Exh. 5) and do not oppose action by replying within three (3) days.

6. Per Docket minute entry, parties appeared at the August 31, 2015 conference in Court, with no one opposing this motion to my knowledge. Per Docket #45, Judge Berman inferred time-is-of-the essence, with decision expected shortly.

7. Per Docket #3, NFLMC disclosed no corporate parent despite negative $12 million in equity per Form 990 at December 31, 2013 (Exh. 6). This statement showing insolvency infers an undisclosed affiliate entity with financial resources.

8. NFLMC's 2013 Form 990 shows $4.6 million of expenses to Akin Gump (≈43% of legal costs). Akin Gump disclosed no conflicts-of interest to this Court.

9. NFLMC lists Akin, Gump, Strauss, Hauer & Feld, LLP's Washington D.C. address on a request (Docket #6) and issuance of Summons despite no alleged business license in that district, no N.Y. licensed entity in that name and service of process upon a law student for NFLPA with undisclosed conflicts-of-interest.

10. Ruby J. Krajick, Clerk of Court, granted the NFLMC per Robert H. Pees of Akin Gump issuance of an "Electronic Summons" on July 28, 2015 from an alleged New York address to Defendant NFLPA in Washington D.C. (Docket #6,9).

11. The NFLPA's Form 990 shows positive equity of $218 million and $190 million for 2013 and 2012, respectively (Exh. 7). The NFLPA does not disclose in the form 990 it is a Virginia-based corporation nor does it name NFL as a related party.

2

12. NFLPA's 2013 Form 990 shows $2.9 million of expenses to Winston & Strawn LLP (≈65% of legal costs) and $3 million in compensation to its Executive Director. Winston & Strawn disclosed no conflicts of interest to this Court.

13. The National Football League ("NFL") Form 990 shows negative equity of $741 million, $304 million and $316 million in 2013, 2012 and 2011 (Exh. 8,9).

14. The NFL jointly administers bank funds for thirty-two (32) member clubs with ≈$3.6 billion in inflows and ≈$3.5 billion in outflows in Form 990 for 2013 (Exh. 10). This permits statute of limitations up to ten (10) years per the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRRHEA").

15. The NFL's 2013 expenses include $8.1 million to Covington & Burling (a firm that employs Lorin Reisner's former superior, Eric Holder) and $7.4 million to Paul, Weiss, Rifkind, Garrison & Wharton, LLP, the lead investigator in this case with partners Ted Wells and Mr. Reisner, and as defendant firm for *In Re: NFL Players' Concussion Injury Litigation* in E.D. of Penn. (Case 2:12-md-0232).

16. The Civil Cover Sheet and NFLMC Complaint (Docket #4,5) states labor law as cause for jurisdiction of NFLMC and NFLPA. Per transferred case and Order (Docket #20), diversity of jurisdiction is believed to apply as Mr. Brady may not have residency without property recorded at the N.Y.C. Department of Finance.

17. Subject matter jurisdiction is proffered in controversy as Constitution and Bylaws §8.3(A) grants no authority to the Commissioner to oversee disputes between member clubs. Mr. Goodell does not refer to the NFL Constitution or Bylaws, but does state a *Fifth* fact that the NFL received a complaint from member club the Colts (Docket #28-236, Final Decision on Art. 46 Appeal of Tom Brady).

3

18. The NFL Commissioner's authority is granted by the Constitution and Bylaws of the National Football League ("NFL") Effective Feb. 1, 1097 (rev. 2006). The *Memorandum of Law of Defendants National Football League and NFL Properties LLC* dated August 30, 2012 in case per ¶15 above, footnote 4 says "The NFL Constitution was bargained over and included within the scope of the CBA". While the Constitution is only incorporated by reference (per page thirty (30)), copies on the internet have a 'security block' to prevent public printing (Exh. 11).

19. Mr. Goodell, NFLMC President and alleged NFL Commissioner, was paid $35.0M, $44.2M and $29.5M in 2013, 2012 and 2011 per Forms 990 (Exh. 12). These payments violate the Constitution and By-Laws per §8.2 as a Commissioner must have "no financial interest, direct or indirect" in any professional sport.

20. Per §19, Mr. Goodell cannot have authority, including §8.13 or §8.14, under the Constitution or Article 46 of the Collective Bargaining Agreement.

21. Facts ¶11-¶14 of Complaint (Docket #4) are in controversy for Mr. Goodell's alleged lack of authority to conduct a hearing June 23, 2015 for Mr. Brady.

22. Fact ¶6 of Complaint is in controversy and discriminates by gender.

23. Facts ¶7-¶9 of Complaint are in controversy for Mr. Goodell's alleged lack of authority and non-compliance with CBA and Constitution to be independent.

24. The Complaint's Count 1 lacks veracity without proof of compliance with the CBA or Constitution, Federal Rules of Civil or Criminal Procedure, Federal Rules of Evidence and/or respect for employee rights and without a fair hearing.

4

25. Mr. Goodell's statement "I do not have any first-hand knowledge of the events at issue here" (Docket #28-234, Art. 46 Appeal Decision on Discovery) infers he is not the Commissioner as only that person has authority to hire counsel.

26. I do not believe that Mr. Brady's counsel, Donald H. Yee, disclosed to parties conflicts-of-interest that he also represents Mr. Brady's backup quarterback.

27. In Final Decision on Art. 46: Appeal of Tom Brady (Docket #28-236) Mr. Goodell claims to be bound to issues of "fairness and consistency of treatment among players similarly situated" (p. 5) yet fails to investigate others (Footnote 15) or make inquiries of all NFL teams generally to identify systemic risks.

28. The NFLMC's Art. 46 Final Decision basis for discipline (Section V) was deemed similar to a first violation governing performance enhancing drugs, a an analogy that carries reputational risk toward Mr. Brady.

29. Neither NFLMC's Memorandum of Law for Motion to Confirm Arbitration Award (Docket #35) or the NFLPA's Memorandum of Law to Vacate Arbitration Award (Docket #36) states compliance with Constitution or Bylaws.

30. Submissions that do not conform to Individual Rule 2.C may be stricken: i) Docket #17 is not double-spaced; ii) NFLMC's nineteen (19) page memo of law (Docket #35), NFLPA's twenty-one (21) page memo (Docket #36) and memo to oppose confirming arbitration (Docket #40) exceeds maximum pages.

31. To my knowledge, counsel may need to comply with Local Rule 1.3.

Sworn to before me this 3rd day of September, 2015.

_____
Notary Public

JUNISE JAIME
Notary Public, State of New York
Reg. No. 04JA6325007
Qualified in New York County
Commission Expires May 18, 2019

Dated: September 3d, 2015

_____
Michelle McGuirk, Friend of the Court
P.O. Box 369, New York, NY 10113-369

5